# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**WILLIAM T. MAYS, III**                                                          **PLAINTIFF**

**v.**                                    **CASE NO. 5:06-CV-00218 BSM**

**CITY OF DERMOTT**                                                          **DEFENDANT**

## ORDER

On August 17, 2006, plaintiff William T. Mays filed his complaint against defendant City of Dermott alleging that the defendant failed to promote and failure to provide him with suitable accommodations within a reasonable amount of time and caused undue hardship in violation of the Americans with Disabilities Act ("ADA").  This case is set for a bench trial either Wednesday, January 7, 2009, or Friday, January 9, 2009, at 9:30 a.m.  Plaintiff failed to file his pre-trial disclosure sheet, which was due on July 3, 2008.  Plaintiff is directed to file his pre-trial disclosure sheet in accordance with Local Rule 26.2 **on or before January 5, 2009.**  Local Rule 26.2 provides:

> The Fed. R. Civ. P. 26(a)(3) Pretrial Disclosure Sheet filed with the court must contain:
>
> 1. The identity of the party submitting information.
>
> 2. The names, addresses, and telephone numbers of all counsel for the party [if applicable].
>
> 3. A brief summary of claims and relief sought.
>
> 4. Prospects for settlement. (Note: The Court expects attorneys to confer and explore the possibility of settlement prior to answering these inquiries.)

5. The basis for jurisdiction and objections to jurisdiction.

6. A list of pending motions.

7. A concise summary of the facts

8. All proposed stipulations.

9. The issues of fact expected to be contested.

10. The issues of law expected to be contested.

11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.

12. The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.

13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.

14. An estimate of the length of trial and suggestions for expediting disposition of the action.

15. The signature of the attorney [or *pro se* party].

16. Proof of service.

If plaintiff fails to fully and timely comply with this order, his case will be dismissed.

Plaintiff and defendant are directed to submit their trial briefs and proposed findings of fact and conclusions of law to chambers **on or before Monday, January 5, 2009.** The briefs should discuss any evidentiary issues that are expected to arise and other issues that the court may need to decide at trial. Reply briefs, if any, should be submitted to the court **on Tuesday, January 6, 2009.** A reply should specify those fact findings proposed by the opposing party that will be controverted at trial. The parties may submit their trial briefs and proposed findings of fact and conclusions of law saved as a WordPerfect document or Rich Text Format file attached to an e-mail addressed to Betty_Tyree@ared.uscourts.gov and Stephanie_Mazzanti@ared.uscourts.gov or by mail to the Chambers of the Honorable Brian S. Miller, 500 West Capitol Avenue, Room D-258, Little Rock, Arkansas 72201.

IT IS SO ORDERED THIS 29th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE